```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF LOUISIANA
 2                      LAFAYETTE DIVISION

 3   UNITED STATES OF AMERICA,        )
                                      )
 4              Plaintiff,            )
                                      ) No. 16-cr-00145
 5       vs.                          )
                                      ) No. 16-cr-00192
 6   WOOD GROUP P S N, INC.,          )
                                      )
 7              Defendant.            )
     _____)

 8

 9            TRANSCRIPT OF PLEA PROCEEDINGS
          BEFORE THE HONORABLE PATRICK J. HANNA
10
          WEDNESDAY, AUGUST 10, 2016; 9:55 A.M.
11                  LAFAYETTE, LOUISIANA

12
     APPEARANCES OF COUNSEL:
13   (Continued on Page 2.)

14   FOR THE UNITED STATES:

15       Myers P. Namie
         U.S. ATTORNEY'S OFFICE (LAF)
16       800 Lafayette Street, Suite 2200
         Lafayette, Louisiana 70501
17
     FOR THE DEFENDANT:
18
         Nadira Clarke
19       KATTEN MUCHIN ROSENMAN, LLP
         2900 K Street NW, Suite 200
20       Washington, D.C. 20007-5118

21

22           *******************************

23             GAYLE WEAR, RPR, CRR
           Federal Official Court Reporter
24              800 Lafayette Street
           Lafayette, Louisiana 70501
25                  337.593.5222
```

1    APPEARANCES OF COUNSEL:
     (Continued from Page 1.)

2

     FOR THE DEFENDANT:

3

          Kyle D. Schonekas

4         William Pennington Gibbens
          SCHONEKAS EVANS MCGOEY & MCEACHIN, LLC

5         909 Poydras Street, Suite 1600
          New Orleans, Louisiana 70112

6

7    ALSO PRESENT:  Mr. Scott Melancon, Probation

8
                              *    *    *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   August 10, 2016                              9:55 a.m.

 2                         ---o0o---

 3                   P R O C E E D I N G S

 4                         ---o0o---

 5        THE COURT:  Okay.  Court will come to order.

 6   Please be seated.

 7        (Discussion held off the record.)

 8        THE COURT:  Okay.  On the record.  Here we

 9   go.  This is the United States of America versus Wood

10   Group PSN, Inc. -- we have two different cases -- for a

11   change of plea by the defendant in both cases.

12        The first case is 16-145, for a bill of

13   information for an initial and arraignment.

14        The second case is 16-cr-192, on a Rule 20

15   transfer from the Eastern District of Louisiana; that

16   docket number is 15-cr-197.

17        It is this Court's intent to have a single

18   colloquy today.  The transcript will be filed into both

19   records.  Any documents that we go through will be

20   filed in the respective record of each particular case.

21        So, first of all, let me have appearances.

22        MR. NAMIE:  Myers Namie, on behalf of the

23   United States.  And I have a quick motion after

24   appearances, Your Honor.

25             THE COURT:  All right.
```

```
 1              MR. JOSEPH:  David Joseph, on behalf of the

 2    United States, Your Honor.

 3              MR. SCHONEKAS:  Good morning, Judge.  Kyle

 4    Schonekas and Nadira Clarke, on behalf of Wood Group.

 5              THE COURT:  And your corporate representative

 6    is...

 7              MR. SCHONEKAS:  Is Mr. Martin McIntyre.

 8              THE COURT:  All right.  Mr. McIntyre, I need

 9    you to come forward and be sworn, please.

10              MR. NAMIE:  Your Honor, the United States

11    would move to unseal docket number 16-cr-00145.

12              THE COURT:  Motion granted.

13              THE COURTROOM DEPUTY:  Please raise your

14    right hand.

15              Do you solemnly swear that the testimony you

16    will give in this case will be the truth, the whole

17    truth, and nothing but the truth, so help you God?

18              MR. MCINTYRE:  I do.

19                        MARTIN MCINTYRE,

20     first having been duly sworn by the Courtroom Deputy,

21              testifies under oath as follows:

22              THE COURT:  All right.  Mr. McIntyre, the

23    first thing is you understand that now that you've been

24    sworn, your answers to my questions will be subject to

25    the penalties of perjury or making a false statement if
```

1    you do not answer truthfully.

2              MR. MCINTYRE:  Yes, sir.

3              THE COURT:  All right.  You are here as an

4    officer or authorized employee of Wood Group PSN?

5              MR. MCINTYRE:  Yes.

6              THE COURT:  All right.  And the board of

7    directors or someone who is empowered to authorize you

8    to enter a plea of guilty to a charge brought against

9    the company has so authorized you.

10             MR. MCINTYRE:  Correct.

11             THE COURT:  All right.  And you are

12   authorized by a valid resolution to enter a plea of

13   guilty to the charges before the Court?

14             MR. MCINTYRE:  Yes, sir.

15             THE COURT:  And the organization is

16   financially able to pay the fines that could be imposed

17   by the Court for the charges involved in the plea?

18             MR. MCINTYRE:  Yes, sir.

19             THE COURT:  All right.  So let's do this

20   first.  In 16-cr-145, Wood Group is charged by a bill

21   of information with a felony.  I, as a Magistrate

22   Judge, am not empowered to accept a guilty plea in a

23   felony case.  What I can do is take your testimony and

24   make a recommendation to Judge Drell whether he should

25   accept the plea in 16-cr-145, which is a felony.

```
1                Do you understand?

2            MR. MCINTYRE:  Yes.

3            THE COURT:  Do you consent to have me preside

4   over this hearing today?

5            MR. MCINTYRE:  Yes.

6            THE COURT:  Mr. Namie, do you have a written

7   consent?

8            MR. NAMIE:  I do, Your Honor.  And it's been

9   signed by the defendant's representative and counsel.

10           (Provided to the Court.)

11           THE COURT:  All right.  Well, this is a

12  waiver of indictment, Mr. Namie, and I'm not quite to

13  that yet.

14           MR. NAMIE:  Oh, okay.

15           THE COURT:  I'm talking about the consent to

16  plead.

17           MR. NAMIE:  I think I have one of those as

18  well, Your Honor.

19           THE COURT:  I'm glad the first mistake was

20  yours and not mine.

21           MR. NAMIE:  Your Honor, we may not have a

22  consent to plead in the packet.  I apologize.

23           THE COURT:  Well, we need to get one.

24           MR. NAMIE:  But we will get one.  We will

25  have to take a short recess, Your Honor.  I apologize.
```

1    And we can certainly get one.

2             THE COURT:  Would you do that for me, please?

3             MR. NAMIE:  Yes.

4             THE COURT:  I can talk to him while you're

5    getting that -- we just need to make sure we get it --

6    because he has already said on the record that he does

7    consent, but I need the document.

8             Okay.  While we're doing that, in 16-cr-192,

9    that is a Class A misdemeanor.  Under the rules, the

10   defendant is entitled to a trial by a district judge in

11   that case or, if the parties consent, the defendant can

12   try the case before me, as a magistrate judge, which

13   means I would be entitled to accept the guilty plea.

14            So my question to you in 16-cr-192:  Does

15   Wood Group consent to have the case presented to me, as

16   a magistrate judge, for all further proceedings?

17            MR. MCINTYRE:  Yes.

18            THE COURT:  Okay.  I'm going to go back to

19   16-cr-145.  Because that is a felony count, the

20   defendant would be entitled to be indicted by the grand

21   jury.  The grand jury consists of a number of folks,

22   but at least twelve of them -- there's 23.  At least

23   twelve would have to agree that there is probable cause

24   to believe that the defendant committed the crime

25   charged.

1            The defendant can waive the grand jury

2    presentment and proceed on a bill of information that's

3    submitted by the office of the United States Attorney,

4    and proceed as if the defendant had been indicted.

5            So do you understand that, first of all?

6            MR. MCINTYRE:  Yes, sir.

7            THE COURT:  Okay.  On behalf of Wood Group,

8    do you consent to waive the indictment and presentment

9    of that case to the grand jury?

10            MR. MCINTYRE:  I do.

11            THE COURT:  All right.  And I have been

12    provided a waiver of indictment that's been signed by

13    you, Mr. McIntyre?

14            MR. MCINTYRE:  Yes, sir.

15            THE COURT:  All right.  Ms. Jordan, would you

16    please put that in the record of 16-cr-145.

17            (Pause in the proceedings.)

18            THE COURT:  Let me see that back for a

19    second.

20            THE COURTROOM DEPUTY:  I'm sorry?

21            THE COURT:  I want the record to reflect that

22    is also signed by Ms. Clarke as counsel for the

23    defendant.

24            All right.  And do either of you see any

25    reason why the defendant should not waive indictment?

1          MS. CLARKE:  No, Your Honor.

2          MR. SCHONEKAS:  No, sir.

3          THE COURT:  All right.

4          Okay.  So let me go back to 145.  You've been

5    provided a copy of the bill of information,

6    Mr. McIntyre?

7          MR. MCINTYRE:  Yes, sir.

8          THE COURT:  And you've had it read to you or

9    you've read it?

10          MR. MCINTYRE:  Yes.

11          THE COURT:  Do you waive formal reading of it

12    at this point?

13          MR. MCINTYRE:  Yes.

14          THE COURT:  All right.  Thank you.

15          All right.  The rights of a corporation are a

16    little bit different than the rights of an individual.

17    The organization -- and this would apply in the context

18    of the Class A, as well.

19          The right of the organization to be

20    represented by the effective assistance of counsel

21    exists.  The organization also has the right to plead

22    not guilty or persist in a plea of not guilty.  And the

23    organization has the right to be tried by a jury, in

24    fact, in both cases, and the assistance of counsel in

25    that trial.  In order to be found guilty, all twelve

1    jurors would have to agree to the guilt and proof by

2    the government beyond a reasonable doubt.

3            The organization would have the right to

4    confront and cross-examine the witnesses against the

5    organization.

6            All right.  Do you understand these rights,

7    Mr. McIntyre?

8            MR. MCINTYRE:  Yes, sir.

9            THE COURT:  And you understand that by

10   entering a plea of guilty for the organization, you

11   waive the organization's right to trial and the rights

12   I've just discussed?

13           MR. MCINTYRE:  Yes.

14           THE COURT:  And you do so --

15           MR. MCINTYRE:  Yes.

16           THE COURT:  -- waive?

17           All right.  So let me tell you a little bit

18   about the crime charged in 16-145.

19           In order for the organization to be found

20   guilty of false statements or representations or

21   certifications, the government would have to prove

22   beyond a reasonable doubt that the defendant made or

23   used a false writing or document; that the writing or

24   document contained a statement or entry that was false,

25   fictitious or fraudulent; that the statement or entry

1    was material; that the defendant acted knowingly and

2    willfully; and that the writing or document pertained

3    to a matter within the jurisdiction of the Executive

4    Branch of the United States Government.

5              Do you understand that?

6              MR. MCINTYRE:  Yes, sir.

7              THE COURT:  All right.  The maximum possible

8    penalty on that count is a fine of up to 500,000 per

9    false statement, writing or document; special

10   assessment of $400 due at the time of acceptance of the

11   guilty plea, and it can be paid by means of a cashier's

12   check or bank check or money order, payable to the

13   Clerk of the United States District Court.

14             Do you understand?

15             MR. MCINTYRE:  Yes.

16             THE COURT:  All right.  I want to go through

17   the factual basis with you on that.  The plea packet

18   that was submitted to me has a stipulated factual basis

19   that is several pages long, and I'm not going to read

20   every single line of it, as we sometimes do.  But I

21   just want to make sure that this document, signed

22   June 8, 2016, by you, and by Ms. Clarke on June 9,

23   2016, is absolutely true and correct with regard to

24   every statement of fact contained within it.

25             Is that true?

1          MR. MCINTYRE:  Yes.

2          THE COURT:  All right.  I'm guessing probably

3    the best way to go, Mr. Namie, is a plea on each one

4    first, before I go into the other one.  Would you agree

5    with that?

6          MR. NAMIE:  Yes, Your Honor.

7          THE COURT:  Okay.

8          All right.  So how does Wood Group plead to

9    the bill of information in 16-cr-145?  Guilty or not

10   guilty?

11         MR. MCINTYRE:  Guilty.

12         THE COURT:  All right.  Mr. Namie, would you

13   give me the terms of the plea agreement.

14         MR. NAMIE:  Yes, Your Honor.  The agreement

15   initially states that it is the entire agreement

16   between the parties and that everything is contained in

17   this document; that there are no side deals or side

18   promises.  The defendant's obligation is that they will

19   appear in court and plead guilty to Count 1 of the bill

20   of information pending.

21         This plea is being presented to the Court

22   pursuant to Federal Rule of Criminal Procedure Rule

23   11(c)(1)(C), where we are proposing to the Court that

24   Wood Group pay a fine of $7 million for violations of

25   Title 18 United States Code Section 1001(a)(3); and

1   that a $500,000 amount in community service be imposed.

2   And that also that Wood Group also agrees it will not

3   take any tax deductible donation for the amounts paid

4   within the community service, and that they will not

5   seek any other benefit or gain from that.

6          Wood Group also agrees in its obligations

7   that it will enter into a compliance plan which has

8   been ongoing and being negotiated with the

9   Environmental Protection Agency and the Department of

10  Interior, and that that will be a term of their -- to

11  comply with that plan will be a term of their

12  probation.

13         Wood Group further acknowledges that

14  restitution is owed, due to its offenses.  And Wood

15  Group has identified restitution owed to its customers

16  and has already started making payments towards that.

17  Wood Group agrees that it will continue in that

18  endeavor.

19         The government's obligation is that it will

20  not prosecute the defendant for any other known

21  offenses that form the basis of the bill of information

22  and the allegations contained in the bill of

23  information.

24         Wood Group understands that this plea

25  agreement does not release them from criminal liability

1    from any person not specifically covered by the

2    agreement; it does not apply to crimes committed in

3    other federal districts; and it does not provide or

4    promise any waiver of any civil or administrative

5    action, sanctions, penalties that may apply or be

6    applying or be ongoing that Wood Group is engaged in.

7           The United States agrees in the agreement

8    that it will make known to the court -- and, you know,

9    we do so at this point because I know that Judge Drell

10   is taking this case under advisement -- Wood Group has

11   cooperated from the inception in this case, and has

12   continued to cooperate throughout the entire

13   investigation and plea negotiation.

14          The remainder of the agreement discusses the

15   sentencing penalties which we've gone over.  There is a

16   waiver of duplicity within the agreement, and an

17   agreement that Wood Group will continue to cooperate.

18          Wood Group understands that if this plea

19   agreement is nullified or voided for any reason, that

20   the case may be presented to a grand jury without

21   further notice from the United States.

22          The final provisions within the agreement are

23   that the attorney and Wood Group's representative are

24   entering into this agreement voluntarily.

25          THE COURT:  Let me ask you a question,

```
 1   Mr. Namie.  Is it the position of the government that
 2   the fine contained in the plea agreement is an
 3   agreed-upon fine that the sentencing court should
 4   accept?
 5             MR. NAMIE:  It is, Your Honor.  And that fine
 6   has been proposed by both the United States and the
 7   defendant.
 8             THE COURT:  Is it the position of the
 9   government that Judge Drell is bound by that?
10             MR. NAMIE:  It is not the position of the
11   government that he is bound by that, but we are
12   certainly proposing that amount for him to consider
13   and, hopefully, accept.
14             THE COURT:  I wanted to make sure
15   Mr. McIntyre understood that; that even though this is
16   contained in this plea agreement, that Judge Drell is
17   not actually bound by that.
18             MR. MCINTYRE:  Yes, sir.
19             THE COURT:  You understand?
20             MR. MCINTYRE:  Yes, sir.
21             THE COURT:  And if he rejects that proposed
22   sentence for any reason, the corporation will still be
23   bound by the plea agreement and will not be able to
24   withdraw the guilty plea.
25             Do you understand?
```

```
 1              (Pause in the proceedings.)

 2              MR. MCINTYRE:  Yes, sir.

 3              THE COURT:  Okay.  Are you sure?

 4              MR. MCINTYRE:  I do.

 5              THE COURT:  I want to make sure that that's

 6    very clear, because these are a little different.  This

 7    is the guilty plea stage.  And I'm talking going to

 8    make a recommendation to Judge Drell based on the

 9    facts.  And I expect he will probably adopt my

10    recommendation, but he may not agree with the fine.  If

11    he doesn't agree with the fine, one way or the other,

12    the guilty plea remains in place.

13              Do you understand?

14              MS. CLARKE:  Excuse me, Your Honor.

15              THE COURT:  Yes.

16              MS. CLARKE:  It's our understanding with

17    11(c)(1)C, that if Judge -- certainly, Judge Drell does

18    not have to comply with what's the recommendation in

19    the plea agreement.  But if it were to be a fine that

20    is outside of what the company has prepared, that we

21    would have the ability to withdraw from the plea.

22              THE COURT:  Okay.

23              MR. NAMIE:  That's our understanding as well,

24    with respect to the plea agreement.  And we would -- if

25    a motion was filed to withdraw their plea under the
```

 1   *Carr* factors or whatever, we would not oppose it.

 2           THE COURT:  Okay.  You're absolutely right.

 3           (Discussion held off the record.)

 4           THE COURT:  All right.  Do you have a

 5   document for me, Mr. Namie?  Documents?

 6           MR. NAMIE:  I do.  I think now we have --

 7   I'll file, first, a consent to plead before a

 8   magistrate judge; and it has been signed by Wood

 9   Group's representatives.

10           THE COURT:  All right.  So consent to plead

11   has been signed by all counsel, and Mr. McIntyre, as

12   well as me, and will be entered into the record.

13           Any more, Mr. Namie?

14           MR. NAMIE:  I do, Your Honor.  I have a plea

15   agreement that we have just gone over in 16-cr-00145.

16   This packet includes a copy of the bill of information,

17   elements of the offense, affidavit of understanding of

18   maximum penalty, the plea agreement, and stipulated

19   factual basis.  Although it doesn't indicate on the

20   cover page, it also includes an agreement and waiver of

21   statute of limitations that we are filing as part of

22   the packet that was entered into as part of the plea

23   negotiations.

24           THE COURT:  Any objection?

25           MR. SCHONEKAS:  No, sir.

 1              THE COURT:  Without objection, let it be

 2    admitted.

 3                   (Government's filings admitted.)

 4              THE COURT:  Mr. McIntyre, you are general

 5    counsel for Wood Group?

 6              MR. MCINTYRE:  Yes, sir.

 7              THE COURT:  You have gone through all these

 8    documents?

 9              MR. MCINTYRE:  Yes, sir.

10              THE COURT:  You understand all of these

11    documents?

12              MR. MCINTYRE:  Yes, sir.

13              THE COURT:  And you've let your organization

14    know the implications of all of these documents?

15              MR. MCINTYRE:  Yes, sir.

16              THE COURT:  And these documents have not been

17    executed under any form of coercion or duress?

18              MR. MCINTYRE:  No, sir.

19              THE COURT:  Ms. Clarke, I will ask you, since

20    you've signed all these documents, you've gone through

21    all these documents with your client?

22              MS. CLARKE:  Yes, Your Honor.

23              THE COURT:  And is there any question in your

24    mind that the company does not understand the

25    implications of these documents?

 1            MS. CLARKE:  No, Your Honor.

 2            THE COURT:  All right.  So, once again,

 3    Mr. McIntyre, how does Wood Group PSN, Inc. plead to

 4    the bill of information in 16-cr-145?

 5            MR. MCINTYRE:  Guilty.

 6            THE COURT:  All right.  So the Court finds

 7    that Mr. McIntyre is an officer authorized by the board

 8    of directors of Wood Group PSN to enter into the plea

 9    agreement and to execute the plea agreement and the

10    documents contained therein; that there is a valid

11    resolution to enter a plea of guilty to the charges

12    before the Court.

13            And the Court finds that the organization,

14    based on the representations of Mr. McIntyre, is

15    financially able to pay the fine that is imposed -- or

16    proposed to be imposed in the plea agreement;

17    therefore, it is my finding and recommendation to Judge

18    Drell that in the case of United States versus Wood

19    Group PSN, Inc., 16-cr-145-01, that Mr. McIntyre, as a

20    duly authorized representative, has entered a valid

21    plea of guilty on behalf of Wood Group PSN, Inc., that

22    is supported by a factual basis; that the plea is

23    knowing and voluntary; and that Judge Drell, therefore,

24    accept the plea and adjudge Wood Group guilty in that

25    matter.

1            There will be a presentence report prepared

2     by the Pretrial Services folks, which you will have an

3     opportunity to read before sentencing and comment on

4     before sentencing.

5            All right.  And if I didn't admit these

6     already, I admit them now, the documents.

7            Ms. Jordan.

8            (Provided to the Courtroom Deputy.)

9            THE COURT:  Okay.  Mr. McIntyre, we are not

10    going to go back through all those same questions

11    again.  But for purposes of the case of 16-192, I take

12    it your answers to my questions would be the same with

13    regard to your authority?

14           MR. MCINTYRE:  Yes, sir.

15           THE COURT:  All right.  And the authorization

16    of the board for you to enter a plea on behalf of the

17    company?

18           MR. MCINTYRE:  Yes, sir.

19           THE COURT:  All right.  So in 16-cr-192,

20    first of all, you've been -- you've seen that

21    indictment and the superseding indictment?

22           MR. MCINTYRE:  Yes, sir.

23           THE COURT:  Do you waive reading of that at

24    this point?

25           MR. MCINTYRE:  Yes, sir.

```
 1                    THE COURT:  Thank you very much.

 2                    All the same rights that I talked to you

 3       earlier about apply in the context of this case.  And

 4       on behalf of the organization, you are willing to waive

 5       those rights --

 6                    MR. MCINTYRE:  Yes.

 7                    THE COURT:  -- and enter a plea of guilty to

 8       the Clean Water Act violation?

 9                    MR. MCINTYRE:  Yes, sir.

10                    THE COURT:  All right.  So let me explain

11       that one to you.  Under the Clean Water Act, in order

12       to find Wood Group guilty of the crime charged, a judge

13       or a jury would have to be convinced that the

14       government has proved beyond a reasonable doubt that

15       the defendant acted negligently in the discharge, or

16       caused a discharge, of oil into waters of the United

17       States or in connection with activities under the Outer

18       Continental Shelf Lands Act, and in a quantity that may

19       be harmful to the natural resources of the United

20       States.

21                    Do you understand?

22                    MR. MCINTYRE:  Yes.

23                    THE COURT:  All right.  The maximum possible

24       penalty on that count -- this is Count 12 of the second

25       superseding indictment -- is a fine of up to $200,000,
```

1    or the greater of twice the gross gain to the defendant

2    or twice the gross loss to any person, pursuant to 18

3    U.S.C. 3571(c) and (d); up to five years of probation;

4    and a special assessment of $125 due at the time of

5    sentencing, payable with a cashier's check, bank

6    official check, or money order, payable to the United

7    States District Court.

8              Do you understand?

9              MR. MCINTYRE:  Yes, sir.

10             THE COURT:  All right.  The factual basis in

11   this particular case was submitted to me, it is eight

12   pages, and it is signed by someone whose name I cannot

13   recognize, on August 4.

14             Do you know who that is?  It says somebody

15   "for Martin McIntyre."

16             MR. GIBBENS:  That's me, Your Honor.

17             THE COURT:  Okay.  Come on up, then.

18             MR. GIBBENS:  Bill Gibbens.

19             THE COURT:  Come on up, then.  Come up.

20             Swear him in.

21             THE COURTROOM DEPUTY:  Please raise your

22   right hand.

23             Do you solemnly swear that the testimony you

24   will give in this case will be the truth, the whole

25   truth, and nothing but the truth, so help you God?

1          MR. GIBBENS:  Yes.

2                    WILLIAM GIBBENS,

3     first having been duly sworn by the Courtroom Deputy,

4              testifies under oath as follows:

5          THE COURT:  State your full name.

6          MR. GIBBENS:  It's William Gibbens.

7          THE COURT:  Mr. Gibbens, you understand, now

8     that you've been sworn, your answers to my questions

9     are subject to the penalties of perjury or making a

10    false statement if you do not answer truthfully.

11         MR. GIBBENS:  Yes, sir.

12         THE COURT:  All right.  So you have signed

13    the factual basis for Mr. Martin McIntyre on August 4,

14    2016?

15         MR. GIBBENS:  Yes, sir.

16         THE COURT:  And you were acting in what

17    capacity when you signed that?

18         MR. GIBBENS:  Your Honor, I've been

19    authorized, also, in the Eastern District case as a

20    corporate representative for Wood Group, Wood Group

21    PSN.

22         THE COURT:  All right.  And are you employed

23    by them?

24         MR. GIBBENS:  No, sir.  I'm counsel of record

25    in that case.

```
 1                THE COURT:  In the Eastern District case.

 2                MR. GIBBENS:  Yes, sir.

 3                THE COURT:  Okay.  So you can tell me in this

 4     court that every statement in this factual basis is

 5     completely true?

 6                MR. GIBBENS:  Yes, sir.

 7                THE COURT:  All right.

 8                And, Mr. McIntyre, do you so authorize him to

 9     speak for you?

10                MR. MCINTYRE:  Yes, sir.

11                THE COURT:  All right.  Ms. Clarke, you also

12     signed this document?

13                MS. CLARKE:  Yes, Your Honor.

14                THE COURT:  And Mr. Nelson?  Is he in here

15     somewhere?

16                MR. NAMIE:  He is not here, Your Honor.  That

17     is counsel for the environmental crime section.  He

18     also worked with the AUSA and Ms. Greenfield.

19                THE COURT:  Okay.

20                MR. NAMIE:  But I can tell you that I have

21     discussed with them this case, and the representations

22     made by them and the facts contained within this

23     factual stipulation are true and correct and that they

24     could prove these facts if the case proceeded to trial.

25                THE COURT:  All right.  And would that be
```

1    Mr. Nelson or Ms. Greenfield that you talked to?

2           MR. NAMIE:  I talked with Ms. Greenfield.

3           THE COURT:  All right.  And it's your belief,

4    as a representative of the United States, that it's

5    these facts right here that are in this stipulated

6    factual basis would be able to be presented at trial by

7    the government?

8           MR. NAMIE:  Correct, Your Honor.

9           THE COURT:  Okay.  All right.  And we have a

10    plea agreement that you're going to tell us about,

11    Mr. Namie?

12           MR. NAMIE:  We do, Your Honor.  This

13    agreement is, of course, different than our format, and

14    it has a few more moving parts, but I will summarize it

15    as best I can.

16           The company agrees to plead guilty to Count

17    12 of the second superseding indictment, which is a

18    violation of the Clean Water Act, 1319(c)(1)(A); that

19    the company understands the maximum penalties, as we

20    discussed, that it is not just $200,000, but it could

21    be the greater of twice the gross gain to the defendant

22    or twice the gross loss to any person.  The company

23    acknowledges and understands that it may face up to

24    five years' probation.

25           The plea agreement discusses that restitution

1   is not applicable or not mandatory -- excuse me, is not

2   mandatory, pursuant to 18 U.S.C. Section 3663(A).  But

3   that to the extent that restitution is ordered or as a

4   condition of probation, the company agrees that it will

5   be nondischargeable in any bankruptcy proceeding, and

6   that the defendant will not seek or cause to be sought

7   a discharge.

8          There are a set of items for which the

9   company agrees and stipulates.  A summary of those

10  items are that the United States will not pursue --

11  excuse me -- yes, the United States will not pursue an

12  appeal against the company -- "the company" is defined

13  in this case as "Wood Group PSN" -- would not pursue an

14  appeal for a dismissal of Counts 4 through 9 which were

15  done in the district court level in the Eastern

16  District of Louisiana.

17         The defendant understands that this agreement

18  does not release them from any civil or administrative

19  liability, including administrative sanctions.  This

20  agreement contains a provision similar to the one we

21  just went over, where the company agrees to pay a

22  criminal fine of 1,800,000, and also agrees to pay

23  $200,000 in community service.

24         The company acknowledges that pecuniary

25  losses to persons exceeded $1 million.  The company

1    agrees to pay that at the day of sentencing.

2            There is also a $125 special assessment which

3    we have already gone over.

4            The plea agreement sets forth the programs to

5    which the community service is to go to.  And that the

6    company also agrees that it will not characterize,

7    publicize or refer to the community service payments

8    made to these entities as a voluntary donation or

9    contribution, nor will the defendant seek any reduction

10   in its tax obligations as a result.

11           The Eastern District and the company are

12   proposing a probationary period of three years.  Within

13   that period, the company agrees it will not commit any

14   further criminal violations.

15           The company agrees to enter into an

16   administrative agreement which is akin to, and the same

17   thing as, a compliance plan that the Western District

18   plea agreement referenced; and it will honor those

19   terms in that compliance plan during the course of its

20   probation; that it will notify the probation officer

21   within 72 hours of any other criminal prosecution.

22           The company agrees in this agreement to

23   designate an official of the organization to act as a

24   representative with the probation office.

25           The company agrees to notify Probation of any

1   change of its address or entity name.  The company also

2   agrees that any change in the company name will not

3   alter or diminish the company's obligation in this

4   agreement.

5           The parties agree that this is being proposed

6   as a Rule -- Federal Rule of Criminal Procedure Rule

7   11(c)(1)(C) plea.  Within the agreement, the company

8   also waives rights of appeal to contest the guilty

9   plea, conviction, sentence, fine or supervised release;

10  it waives appeals related to appeal of sentence

11  pursuant to Title 18 United States Code Section 3742

12  and Section 3582.  However, the defendant in this

13  agreement does not waive and retains the right to bring

14  a direct appeal of any sentence imposed in excess of

15  the statutory maximum.

16          The plea agreement discusses the use of the

17  agreement in court, if necessary, pursuant to Federal

18  Rules of Evidence 410(a).  The company agrees in the

19  agreement that it will continue to cooperate with the

20  United States, and that the monetary penalties owed and

21  paid will be nondischargeable in bankruptcy.

22          And, finally, the parties that signed this

23  agreement agree that this is the entirety of the

24  agreement and that there are no other agreements.

25          THE COURT:  Thank you for that succinct

 1   summary.

 2           MR. NAMIE:  Yes.

 3           THE COURT:  All right.  Is this the document,

 4   dated July 28th of this year, addressed to Ms. Clarke?

 5           MR. NAMIE:  That's correct, Your Honor.  It's

 6   in letter format.

 7           THE COURT:  All right.  And, Ms. Clarke, you

 8   executed that on behalf of the defendant?

 9           MS. CLARKE:  Yes, Your Honor.

10           THE COURT:  All right.  And do you agree that

11   he has succinctly stated the terms of that agreement?

12           MS. CLARKE:  Yes, Your Honor.

13           THE COURT:  Okay.  And, Mr. McIntyre, you've

14   executed that agreement on behalf of the organization?

15           MR. MCINTYRE:  Yes, sir.

16           THE COURT:  All right.  Has the organization

17   been under any kind of coercion or duress?

18           MR. MCINTYRE:  No, sir.

19           THE COURT:  All right.  And the corporation

20   authorized you and voluntarily entered into that plea

21   agreement.

22           MR. MCINTYRE:  Yes, sir.

23           THE COURT:  Mr. Namie, you have filings you

24   wish to make?

25           MR. NAMIE:  I do, Your Honor.  The plea

1   packet in this case contains a copy of the second

2   superseding indictment, elements of the offense.

3           Did we go over the elements of the offense?

4           THE COURT:  We did.

5           MR. NAMIE:  Okay.  And then the affidavit I

6   don't think we went over; the plea agreement, and the

7   stipulated factual basis.

8           THE COURT:  All right.  Mr. Namie, I will

9   also need in this record the consent to proceed before

10  this court, as opposed to the district court, for the

11  entirety of the case.

12          MR. NAMIE:  That is the Rule 20 consent to

13  transfer, and that's been filed into the record, Your

14  Honor.

15          Is that what you're referring to?

16          THE COURT:  No.  They are entitled to proceed

17  before the district judge if they want to.  They can

18  consent to proceed before this court, which is what I

19  understood they said earlier.

20          Do you so consent to have me decide this

21  case?

22          MR. MCINTYRE:  Yes, sir.

23          THE COURT:  All right.  So there is a

24  document.

25          MR. NAMIE:  This violation is a Class A

1    misdemeanor, Your Honor.

2              THE COURT:  Correct, but I still need --

3              MR. NAMIE:  A consent for the --

4              THE COURT:  Here you go.

5              MR. NAMIE:  That's okay.

6              THE COURT:  AO form 86A.

7              (Provided to Mr. Namie.)

8              MR. NAMIE:  Thank you, Your Honor.

9              THE COURT:  That's all right.

10             Any objection to this submission by the

11   government?

12             MR. NAMIE:  No, Your Honor.

13             THE COURT:  I'm not asking you.  You

14   submitted it.

15             Ms. Clarke, any objections?

16             MS. CLARKE:  No, Your Honor.

17             THE COURT:  All right.  Without objection,

18   let it be admitted.

19                   (Government's submission admitted.)

20             (Pause in the proceedings.)

21             THE COURT:  All right.  Ms. Clarke, you've

22   gone over all these documents with your client?

23             MS. CLARKE:  Yes, Your Honor.

24             THE COURT:  Any question in your mind that

25   the company does not understand the significance of

1   these documents and the possible ramifications of them?

2          MS. CLARKE:  No, Your Honor.

3          THE COURT:  All right.  Mr. McIntyre, as

4   representative for Wood Group, you've gone over all

5   these documents?

6          MR. MCINTYRE:  Yes, sir.

7          THE COURT:  Including the ones signed by

8   Mr. Gibbens?

9          MR. MCINTYRE:  Yes, sir.

10         THE COURT:  All right.  And you've not been

11  under any form of coercion or duress, have you?

12         MR. MCINTYRE:  No, sir.

13         THE COURT:  And you, as the corporation,

14  appearing on behalf of the corporation, can represent

15  to the Court that the organization is fully aware of

16  all these documents and the consequences and

17  ramifications of them?

18         MR. MCINTYRE:  Yes, sir.

19         THE COURT:  All right.  Do you have that last

20  document for me there?

21         MR. NAMIE:  I do, Your Honor.  And I do not

22  object to my filing of it.

23         THE COURT:  Okay.  So now the record will

24  reflect that Mr. McIntyre has consented to proceed

25  before a magistrate judge in a misdemeanor case; that

1    will be filed in the 16-cr-192.

2              And so, Mr. McIntyre, on behalf of Wood Group

3    PSN, Inc., how does Wood Group plead to Count 12 of the

4    superseding indictment?

5              MR. MCINTYRE:  Guilty.

6              THE COURT:  The Court finds that Mr. McIntyre

7    is an officer authorized by the organization and duly

8    empowered by the board of directors to enter a plea of

9    guilty to Count 12 of the superseding indictment, and

10   that there is a valid resolution so authorizing him;

11   and that the organization is financially able to pay a

12   fine, as set forth in the plea agreement; and that that

13   plea of guilty is a knowing and voluntary plea by the

14   organization, and it is not induced by coercion or

15   duress.

16             And, therefore, it is my finding in the

17   United States versus Wood Group PSN, Inc., 16-cr-192,

18   that the defendant has entered into a knowing and

19   voluntary plea of guilty, supported by an independent

20   basis in fact; and, therefore, the Court adjudicates

21   Wood Group PSN, Inc. guilty of Count 12 in the

22   superseding indictment.

23             I will -- I have very little doubt that I

24   will deviate from the sentence proposal in the plea

25   agreement, but I want to see the PSR, too.  So I will

```
 1    set sentencing at such time as I receive that PSR.  I
 2    will make sure that we do it on the same day, with
 3    Judge Drell, so you don't have to make two trips; and
 4    that way, you can see the PSR and we can talk about it
 5    before then.
 6              Do you need the 70-day rule waived?
 7              PROBATION OFFICER MELANCON:  If it pleases
 8    the Court, Your Honor.
 9              THE COURT:  Oh, come on.
10              PROBATION OFFICER MELANCON:  That would be
11    great.
12              THE COURT:  You don't have anything else to
13    do.  Been a little crazy around here lately.
14              Okay.  So the 70-day local rule is waived.
15    And we'll set sentencing at such time as we receive the
16    PSR.
17              Anything else from the government in these
18    two cases?
19              MR. NAMIE:  No, Your Honor.
20              THE COURT:  Anything from the defense?
21              MS. CLARKE:  No, Your Honor.
22              THE COURT:  I think we made it.  Thank you
23    very much.
24              MR. NAMIE:  Thank you, Your Honor.  I'll
25    stick around.
```

```
1              THE COURT:  Here you go, Ms. Jordan.

2              (Discussion held off the record.)

3              THE COURT:  All right.  We'll be in recess.

4              (Hearing adjourned 10:51 a.m.)

5                      *    *    *    *    *

6              CERTIFICATE OF OFFICIAL REPORTER

7

8              I, Gayle Wear, Federal Official Court

9    Reporter, in and for the United States District Court

10   for the Western District of Louisiana, do hereby

11   certify that pursuant to Section 753, Title 28 United

12   States Code that the foregoing is a true and correct

13   transcript of the stenographically reported proceedings

14   held in the above-entitled matter and that the

15   transcript page format is in conformance with the

16   regulations of the Judicial Conference of the United

17   States.

18

19                   Dated 18th day of August, 2016.

20

21

22              /s/ Gayle Wear
                GAYLE WEAR, RPR, CRR
23              FEDERAL OFFICIAL COURT REPORTER

24

25
```